Lawyers Against Lawsuit Abuse, APC
David W. Peters, SB# 155449
402 West Broadway, Suite 400
San Diego, CA 92101
(619) 275-2000 / FAX (619) 353-9990
dpeters@ascervus.com

Attorney for Defendants Timberline Moulding,
Marvin Wait and Susan Wait

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BERRY,<br><br>                    Plaintiff,<br><br>v.<br><br>TIMBERLINE MOULDING; MARVIN WAIT, SUSAN WAIT; and Does 1 through 10, Inclusive,<br><br>                    Defendants | CASE NO.: '08 CV 0352 BEN (CAB)<br><br>NOTICE OF MOTION AND MOTION (1) TO DISMISS PER FRCP 12(h)(3), 12(B)(1), AND 12(B)(6), AND (2) TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS PER 28 U.S.C. § 1367(c); OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PER FRCP 8(a)<br><br>Date:  2 June 2008<br>Time:  10:30 a.m.<br>Courtroom: 3, Fourth Floor<br>Judge: The Honorable Roger T. Benitez<br>Complaint Filed: 22 February 2008<br><br>***<u>Oral Argument Declined Unless Requested by the Court</u>*** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Timberline Moulding, Marvin Wait and Susan Wait (collectively "Movants") will and hereby do bring a motion pursuant to Fed. R. Civ. Proc. 12(h)(3), 12(b)(1), 12(b)(6) and 28 U.S.C. § 1367(c) to dismiss Plaintiff's claims against them in that (1) photographic evidence and expert opinion confirms that no changes are needed at the subject property for disabled access [thus, any claimed need for injunctive relief is now moot], and

(2) uncertainties about recent California State law decisions raise novel and complex issues of State law best decided by California's State courts, justifying this Court in declining supplemental jurisdiction over Plaintiff's State law claims; in the alternative, Movants request that this Court issue an OSC as to (1) why this case should not be dismissed for mootness of Plaintiff's claimed need for injunctive relief, and (2) why supplemental jurisdiction of Plaintiff's State law claims should not be declined because of uncertainties in recent California judicial decisions which are best resolved by State courts.  Finally, if for any reason this Court does not dismiss this case, Movants seek an order pursuant to FRCP 8(a) to require Plaintiff to provide a more definite statement of the specific issues supporting the jurisdiction of this Court, current and accurate as of the date it is issued.

The motion will be heard at the above-encaptioned time and place before the Honorable Roger T. Benitez, at the United States District Court, Southern District, located at 940 Front Street, San Diego, California, 92101 and will be based upon the instant moving papers, all files and documents contained in the Court file, and on all other matters as presented by counsel.

*Respectfully submitted,*

Dated:  1 April 2008                    Lawyers Against Lawsuit Abuse, APC


                                        s/ DAVID W. PETERS, Attorney for
                                        Defendants Timberline Moulding,
                                        Marvin Wait and Susan Wait
                                        Email: dpeters@ascervus.com

                                        *-- BY FACSIMILE --*

Lawyers Against Lawsuit Abuse, APC
David W. Peters, SB# 155449
402 West Broadway, Suite 400
San Diego, CA 92101
(619) 275-2000 / FAX (619) 353-9990
dpeters@ascervus.com

Attorney for Defendants Timberline Moulding,
Marvin Wait and Susan Wait

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BERRY,<br><br>    Plaintiff,<br><br>v.<br><br>TIMBERLINE MOULDING; MARVIN WAIT, SUSAN WAIT; and Does 1 through 10, Inclusive,<br><br>    Defendants | CASE NO.: '08 CV 0352 BEN (CAB)<br><br>NOTICE OF MOTION AND MOTION (1) TO DISMISS PER FRCP 12(h)(3), 12(B)(1), AND 12(B)(6), AND (2) TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS PER 28 U.S.C. § 1367(c); OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PER FRCP 8(a)<br><br>Date:   2 June 2008<br>Time:  10:30 a.m.<br>Courtroom: 3, Fourth Floor<br>Judge: The Honorable Roger T. Benitez<br>Complaint Filed: 22 February 2008<br><br>***Oral Argument Declined Unless Requested by the Court*** |

Defendants Timberline Moulding, Marvin Wait and Susan Wait (collectively "Movants") hereby provide this memorandum of points and authorities in support of their motion pursuant to Fed. R. Civ. Proc. 12(b)(1), 12(b)(6) and 28 U.S.C. § 1367(c) to dismiss Plaintiff's claims against them. In short, Movants provide photographic evidence and expert testimony to show that there is no Article III "case or controversy" between the parties in this matter, at least as can be

ascertained from the fairly unspecific allegations of the complaint.

## Overview

Photographic evidence and expert opinion is provided to show that, whatever Plaintiff observed or encountered on his visit to the subject property, the facility is currently configured to meet all applicable standards for access by people with disabilities.  The complaint is unspecific as to the exact issues the Plaintiff contends were insufficient-- it uses the term "inaccessible" [which is commonly used as a "catchall" in ADA/access lawsuits when something is claimed to be "inadequate" or "improper"] but does not tell us specifically the problem was, as discussed below.  Defendants are left to guess, and they did guess, and made the best changes they could in this business with less than 1,000 square feet of public area.

The Declaration of Heller confirms that all applicable standards for access by people with disabilities have now been met.  Accordingly, Movants contend that there is no longer a "case or controversy" between the parties, as required by Article III of the constitution and that this Court should decline supplemental jurisdiction of plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

Movants acknowledge that Respondents may well want to visit the property to ascertain whether Plaintiff's concerns have been eliminated and therefore offer[1] to make the same available for inspection at any time convenient for Respondents.  The ADA is about change and eliminating barriers; some defendants need more convincing than others.  Defendant Susan Wait

---

[1] See Declaration of Wait at ¶4

©2008 LAWYERS AGAINST LAWSUIT ABUSE.COM  402 West Broadway, Fourth Floor, San Diego, CA 92101  (619) 275-2000  Fax (619) 353-9990

has severe Epilepsy and has a number of friends and family members confined to wheelchairs, so while she is entitled to [and does] question whether plaintiff actually visited the property and/or would reasonably have been impeded by any of the conditions there, she represents to this Court that she is not one of the defendants who needs convincing and that there are currently no conditions on the property which would reasonably prevent Plaintiff's safe return.

I.

**Unclear allegations**

The complaint in this matter provides relatively little insight about the problems allegedly encountered by plaintiff, or what he contends should be changed; of the 12 pages, only about 3 lines[2] provide any location-specific guidance-- " . . . inaccessible cashier counter, inaccessible restroom facilities and lack of accessible parking space(s), as well as lack of signage for such spaces."  The problem, of course, is that these areas were not truly inaccessible (i.e., they were not behind a locked gate or other impassable barrier); rather, the argument is being made that some aspect of these areas does not meet some applicable access standard which is relevant for plaintiff's specific disabilities.  Unfortunately, we are simply not told what.

FRCP 8(a) requires a "short and plain statement" of the problem, provided in a manner which would allow the responding parties to know what the plaintiff contends should be changed; basically, it calls for specifics.[3]   In the ADA context, noncompliance which makes something

---

[2] Complaint at § 11 (page 4, lines 25-27)

[3] While the complaint need not list every possible change which might be required for a plaintiff to return to a property, it should certainly

inaccessible to one plaintiff might be completely unproblematic to another.  If someone is confined to a wheelchair, a series of steps can be an absolute barrier, but those might be unproblematic for someone who could walk but not see (a lack of Braille might make a sign inaccessible to the latter, which the former would find unproblematic, etc.).  Because each plaintiff has standing only to sue for the changes required for ***their particular disabilities***, identifying the exact impediments which need to be changed is a fundamental FRCP 8(a) requirement:

> *" . . . a "short and plain statement" should include the Plaintiff's claimed disability, the actions of the Defendant which impermissibly discriminated against the Plaintiff's disability, the occasion or occasions on which the purported discrimination occurred, the injury, if any, that the Plaintiff suffered as a result of the claimed discriminatory conduct, and the means, manner and timing of the Defendant's purported violation of [state law]. In our considered view, without such a showing, the Defendant "cannot reasonably be required to frame a responsive pleading," including an assertion of its threshold defenses, if any there be. Rule 12(e), Federal Rules of Civil Procedure."*
>
> <u>Eisenach vs. Miller-Dwan Medical Center</u> (1995) 162 F.R.D. 346 [4]

In ADA litigation, the word "inaccessible" is a catchall phrase often used when something is claimed to be inadequate or improper in some respect.  The Declaration of Susan Wait (at 2:17-21) confirms that individuals in wheelchairs have repeatedly visited and returned to the subject property over the years without complaint; it further confirms that the areas complained of in the complaint were not genuinely "inaccessible" [i.e., access to them was not blocked or obstructed], so the complaint does not provide sufficient information to apprise the responding parties of the specific problems alleged or changes sought.

---

identify the specific alleged barriers on which the claim for relief is based.

[4] 1995 U.S. Dist. LEXIS 9803; 32 Fed. R. Serv. 3d (Callaghan) 1104; 6 Am. Disabilities Cas. (BNA) 1572

## II.
## IF THE PROPERTY MEETS ALL DISABLED ACCESS STANDARDS, THERE IS NO NEED FOR INJUNCTIVE RELIEF AND THIS COURT SHOULD DISMISS THIS ACTION

*"Under Article III of the United States Constitution, federal courts may only adjudicate <u>actual cases or controversies</u> . . . plaintiffs must have standing <u>throughout the litigation</u> of a lawsuit . . . If a plaintiff loses standing at some point in the litigation, <u>the case becomes moot</u>.[5] [emphasis added]*

*"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall</u> dismiss the action."[6] [emphasis added]*

The essence of Federal jurisdiction in an ADA/access lawsuit is that a plaintiff with disabilities wants to visit a property open to the public and contends that some potential impediment exists which will impair his/her ability to enjoy the goods and services there— i.e., plaintiff needs the court to order changes at the property.  Where, as here, a business is found to have no meaningful impediments to access by those with disabilities, a Federal court should consider whether appropriate circumstances remain to justify continuing jurisdiction.  The Ninth Circuit Court of Appeals has held: "[F]ederal courts are required, *sua sponte*, to examine jurisdictional issues such as standing." [<u>B.C. by and through Powers v. Plumas Unified School District</u> (CA. 9th, 1999) 162 F.3d 1260, 1264; See also <u>Carlock v. Collins Motor Company</u> (USDC Southern, 04CV0370, May 5, 2005) Hon. Napoleon A. Jones, Jr.]

Hon. Napoleon A. Jones, Jr., U.S. District Court Judge, concisely stated the laws regarding standing in a dismissing a nearly identical lawsuit:

---

[5] <u>Carlock v. Collins Motor Company</u> (USDC Southern, 04CV0370, May 5, 2005) Hon. Napoleon A. Jones, Jr. 2:22-3:3

[6] FRCP 12(h)(3)

©2008 LAWYERS AGAINST LAWSUIT ABUSE.COM   402 West Broadway, Fourth Floor, San Diego, CA 92101   (619) 275-2000   Fax (619) 353-9990

*"Under Article III of the United States Constitution, federal courts may only adjudicate actual cases or controversies, where true adversarial interests give rise to a clear and concrete conflict. [Flast v. Cohen, 392 U.S. 83, 96-97(1968). As part of the actual case or controversy requirement, plaintiffs must have standing throughout the litigation of a lawsuit. 15 Moore's Federal Practice § 101.32 (Matthew Bender 3td ed.) If a plaintiff loses standing at some point in the litigation, the case becomes moot. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (holding that parties must maintain a personal stake in the litigation throughout trial and appeal)."*[7]

Under the ADA, a plaintiff must establish standing sufficient to seek injunctive relief. See 42 U.S.C. § 12188(a) (stating that the available remedies are those set forth in section 2000a-3(a), which only provides for injunctive relief). "In the context of the ADA's standing requirement for injunctive relief, a plaintiff must allege that a public accommodation has discriminated against him and that there is a "real or immediate threat that the [pubic accommodation] will again subject [him] to discrimination."[8] The Declaration of Heller suggests that there may be no continuing impediments to Plaintiff's safe return and the Complaint provides no specifics to know whether whatever prompted the complaint has been addressed, but it was the pleader's choice to omit specifics.

" . . . [Plaintiff] must show that the requested relief is available to redress his injury." [9] Unlike the Singletary v. Brick Oven case (in which dismissal was denied because "plaintiff was threatened with continued harm absent injunctive relief"[10] no such risk of continued harm exists

---

[7] Carlock v. Collins Motor Company (USDC Southern, 04CV0370, May 5, 2005) Hon. Napoleon A. Jones, Jr. 2:22-3:3

[8] Singletary v. Brick Oven, 406 F. Supp 2d 1120, 1132; USDC, Southern District case no. 05-cv-1224 IEG (BLM) [Docket Item 5] Order of 14 September 2005 of the Honorable Irma E. Gonzalez Granting in Part and Denying in Part Defendants' Motion to Dismiss at 6:3-6; quoting Bird v. Lewis & Clark Coll. 303 F. 3d 1015, 1019 (9th Cir 2002)

[9] Singletary v. Brick Oven at 8:1, quoting Lujan, 404 U.S. at 509.

[10] Id. At 8:3

©2008 *LAWYERS AGAINST LAWSUIT ABUSE.COM* 402 West Broadway, Fourth Floor, San Diego, CA 92101  (619) 275-2000  Fax (619) 353-9990

here.

When a plaintiff seeks injunctive relief in anticipation of future injury, the Supreme Court has held that exposure to past illegal conduct does not give rise to an actual or imminent injury unless there are "'continuing, present adverse effects" and a plaintiff shows that "'there is a real and immediate threat of repeated injury." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 495-6 (1974). Since standing is an "indispensable part of the plaintiff's case," a plaintiff ultimately must do more than make allegations which, if true, would establish standing. Lujan, 504 U.S. at 561. Rather, a plaintiff bears the burden of proof at each stage of the litigation to establish those ***facts*** supporting standing. See *Id.*. Moore's Federal Practice at §101.31.   Carlock v. Collins Motor Company (USDC Southern, 04CV0370, Order May 5, 2005, Hon. Napoleon A. Jones, pp. 2-3).  Movants contend that the word "inaccessible" is a legal conclusion, and that the complaint fails to state facts sufficient to support the jurisdiction of this Court [as discussed above, an impediment for one disability may not cause any sort of problem for another; therefore, and ADA/access lawsuit should identify a particular condition which impedes a particular disability to provide required notice].

With respect to the first requirement, standing requires: "An injury-in-fact is a harm that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'. The Plaintiff must show that he or she 'sustained or is immediately in danger of sustaining some direct injury as a result of the challenged… conduct and [that] the injury or threat of injury [is] both real and immediate. . "." [Steger v. Franco, Inc. (2000 C.A. 8th) 228 F.3d. 889, 892-893, adopted by the Ninth Circuit Court of Appeals in Pickern v. Holiday Quality Foods, Inc. (2002 CA. 9th) 293 F.3d.

1133, 1137-38]  While a plaintiff may sue for injunctive relief concerning ADA violations from which s/he did not suffer an injury in fact, s/he can only do so if s/he has and will personally suffer an injury in fact from at least one ADA violation at a defendant's public accommodation. [Id.]

Accordingly, a plaintiff has the burden at all stages to prove two things:  (1) that s/he suffered an "injury in fact," and (2) that s/he is in imminent danger of suffering further "injury in fact."  The most significant of Plaintiff's claims are before this Court on the basis of supplemental jurisdiction. Therefore, the Court may consider evidence beyond the pleadings as to Plaintiff's standing because it directly affects the Court's subject matter jurisdiction.

### III.

### JURISDICTION AND STANDING; BURDEN OF PROOF

"Although defendant is usually the moving party on a Rule 12(b)(1) motion, plaintiff (except in cases removed from state court) is the party seeking to invoke the court's jurisdiction. Accordingly, plaintiffs always bear the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction, until plaintiff proves otherwise." [California Practice Guide, Federal Civil Procedure Before Trial, §9:77 (emphasis added) citing Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 US 375, 114 S.Ct. 1673, 1675: Stock West, Inc. v. Confederated Tribes of the Colville Reservation (9th Cir 1989) 873 F2d 1221, 1225: Crowley Marine Services, Inc. v. Fednav Ltd. (ED WA 1995) 924 F. Supp. 1030, 1033 (citing text); United States ex rel. Eitel v. Reagan (D OR 1995) 898 F.Supp. 734, 737 (quoting text); Valdez v. United States (ED CA 1993) 837 F.Supp. 1065, 1067 (citing text), aff'd (9th Cir. 1995) 56 F3d 1177]

The burden of establishing subject matter jurisdiction rests upon party who invokes jurisdiction of District Court; plaintiff must clearly show that his action is within court's jurisdiction, and s/he must carry such burden throughout litigation, so that if plaintiff's allegation of jurisdictional facts is challenged by his/her adversary in appropriate manner, plaintiff must support them by competent proof and must prove jurisdictional allegation by preponderance of evidence. Travis Mills Corp. v Square D. Co. (1975, ED Pa) 67 FRD 22, 20 FR Serv 2d 286.

### IV.

### AFTER GUNTHER v. LIN, SUBSTANTIAL UNCERTAINTY NOW EXISTS ABOUT PLAINTIFF'S STATE LAW CLAIMS JUSTIFYING THIS COURT IN DECLINING SUPPLEMENTAL JURISDICTION

A number of judges[11] of this Court have declined to assert supplemental jurisdiction over the state law claims of plaintiffs in ADA/access lawsuits under circumstances similar to those of this case; the rationale of those decisions is incorporated herein by this reference. On 17 January 2007, the California Supreme Court declined the various petitions for depublication of Gunther v. Lin (2006 Cal App LEXIS 1670; docket G036042), which many think clarifies many questions about the financial damages available under California Civil Code §52(a) and 54.3. In addition to the reasons cited by the judges of this Court, there is good reason to decline supplemental jurisdiction over Plaintiff's State law claims to allow California's State courts to settle these questions directly, as discussed below.

---

[11] In addition to Carlock v. Collins Motors, *infra*, these include without limitation: (1) Pinnock v. Safino Designs, Case No. 06cv1707 L (WMc), order of 28 August 2007, (2) Pinnock v. Java Depot, Case No. 06cv1871 L(JMA) order of 28 August 2007, (3) Cross v. Pacific Coast Plaza 06cv2543 JM (RBB) order of 6 March 2007

Basically, the Gunther Court concluded that to proceed under California Civil Code Section 52(a)[12] a plaintiff must prove intentional discrimination; the objection which has been raised to the Gunther decision is that the Modern Development v. Navigators Insurance[13] decision contends that, by repeatedly failing to make changes to a property over time, a defendant intends it to be configured as it is.  So does a defendant who merely fails to make appropriate changes to a property (certainly the case in most ADA/access lawsuits) intend to discriminate against the disabled visitor justifying an award under California Civil Code Section 52(a)?  The Modern Development case says "yes" while Gunther says "no":

- **Modern Development**: *"The Swap Meet's layout and architectural configuration were necessarily the result of day-to-day managerial decisions, actions or omissions to act."  "[defendant property owner], whether or not in violation of the ADA and other related statutes, intended the architectural layout of the [subject property] to be the way it was when [plaintiff] visited the [subject property]. As a matter of law, the architectural layout of a building is not an accident."*

- **Gunther**: *"Thus it is not surprising that a number of courts have noted that there can be "violations" of the ADA -- that is, noncompliance with certain ADAAGs and other ADA regulations -- by even the best-intentioned property owners."* . . . *"A plaintiff can now go for the relatively larger recovery provided by section 52 but will have the higher burden of establishing intentional discrimination under section 52, or, alternatively, may elect to proceed under section 54.3 and have a much lower burden -- simple technical violation of the ADA without any showing of intent -- but can only recover a lesser amount. To interpret section 52 to allow for automatic penalties for nonintentional conduct is to render section 54.3 largely redundant."*

In the instant case, the lack of specificity of the complaint prevents Movants from framing a response— if they can't tell what the plaintiff encountered or contends should be changed, how can they know whether principles of intentional or unintentional discrimination would be involved

---

[12] Note that Plaintiff alleges both Cal. Civil Code 52(a) and 54.3 in the Complaint (at 21:6-7), despite clear California law (including without limitation Gunther) which requires him to make an election of remedies.  The Disposition of the Gunther decision states (at 74) in pertinent part:  "Gunther could have sued Lin based on Lin's unintentional ADA violations, but recovered the smaller statutory minimum penalty under section 54.3. Rather, he elected to try to obtain the larger statutory minimum penalty under section 52, ***but that remedy is reserved for intentional violations. Since California law (quite logically) does not allow plaintiffs to proceed under both statutes***, and Gunther failed to present any evidence that the defendant had intentionally discriminated against him as required by section 52." [emphasis added]

[13] Modern Development Company v. Navigators Insurance Company, et. al., (2004) 111 CA 4th 932

[if at all]?

**V.**

**EACH OF THE ELEMENTS OF 28 U.S.C. §1367(C) IS MET, JUSTIFYING MOVANTS' REQUEST THAT THIS COURT DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS**

In addition to the foregoing reasons, this Court should decline to assert jurisdiction over Plaintiff's State law claims because they now substantially predominate over those claims over which this Court has original jurisdiction and there are other compelling reasons for declining jurisdiction. In <u>Singletary v. Brick Oven</u>[14] Chief Judge Irma Gonzalez confirmed the circumstances in which supplemental jurisdiction may be declined:

> *"Under 1367(c) a court may decline to exercise supplemental jurisdiction over a state claim if:*
> *(1) the claim raises a novel or complex issue of State law;*
> *(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;*
> *(3) the district court has dismissed all claims over which it has jurisdiction; or*
> *(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction"*

Each of the foregoing elements is satisfied in this case:

(1) As discussed above, there is now a justiciable question of whether a defendant, who merely fails to make an appropriate access renovation is subject to liability under Cal. Civil Code §52(a) in light of <u>Gunther v. Lin</u>;

(2) As there is no longer any need for injunctive relief, Plaintiff's State law claims substantially predominate in this matter;

(3) We believe this honorable Court will conclude that it must dismiss all Plaintiff's claims in this matter; and

---

[14] <u>Singletary v. Brick Oven</u> at 5:14-21

(4) There are exceptional circumstances which provide a compelling reason why this Court should decline supplemental jurisdiction over Plaintiff's State law claims— his need for this Court to issue an order for access modifications at the property has been eliminated leaving only financial (i.e., State law) claims— so this case is no longer about access— just money.  As to that, Chief Judge Irma Gonzalez summarized the sentiment of many jurists in her comments in the Brick Oven decision:

> " . . . [P]laintiffs, like plaintiffs here, use the ADA, and its California counterparts, as ***tools of extortion***. . . experienced ADA plaintiffs have honed their litigation strategies so that it is usually cheaper and more efficient for defendants to settle than fight these, ***often meritless, cases***."[15] [emphasis added]

Based on the foregoing, and the unspecific nature of the essential allegations of the Complaint, Movants contend that it is not inappropriate to ask this Court to question whether conditions supporting jurisdiction exist because there is a tendency in ADA/access lawsuits for fees to escalate quickly, even in cases where defendants quickly ensure that all appropriate disabled access standards have been met.

**VI.**

**UNLIKE SINGLETARY v. BRICK OVEN, THIS CASE INVOLVES UNDISPUTED FACTS**

In Singletary v. Brick Oven this Court declined to dismiss that plaintiff's ADA claims because "[w]here there are disputed facts, the court shall apply the Fed. R. Civ. P. 56 summary judgment standard," i.e., the moving party must establish that there are no material facts in

---

[15] Singletary v. Brick Oven FN8 at 12:23-5

dispute and that he or she is entitled to prevail as a matter of law."[16]  Basically, we have done that: while Plaintiff makes a broad variety of assertions, the only impediments he alleges on Movant's section of the Property are at paragraph 11; the Declarations of Heller and Wait confirm that any access issues Plaintiffs might have perceived have been thoroughly (if not overly) resolved.  The complaint suggest that there might have been other potential disabled access issues which might impede Plaintiff's return; the good news is that ***now*** the Declaration of Heller confirms that the facility currently meets all applicable standards for disabled access.  If Plaintiff disputes that (1) all items complained of on Movant's portion of the Property, or (2) all items which could reasonably impede Plaintiff's return, have been resolved, ***he should very specifically identify the item(s)***.

**VII.**

**IN THE UNLIKELY EVENT THIS COURT DECLINES TO DISMISS THIS CASE, IT SHOULD ORDER A SITE MEETING TO ASCERTAIN WHETHER CONDITIONS SUPPORTING JURISDICTION EXIST**

If, for any reason, this Court declines to dismiss this case, it should order a site meeting of parties, counsel and experts [if desired] to establish whether conditions supporting jurisdiction continue to exist.  The complaint is unclear and the Declarations of Heller and Wait contend that all disabled access issues have been eliminated.  Movants should not be required to participate in an ENE, at which a financial settlement will almost certainly be sought, until the jurisdiction of this Court has been established.  In a similar case,[17] Judge Moskowitz issued such an order which helped resolve the case; the order provided:

---

[16] Id at 5:2-4

[17] Pinnock v. Solana Beach Do It Yourself Dog Wash, USDC Southern District Case No. 06cv1816 BTM (JMA); see order of 3 July 2007 at 3:11-21

*"The parties are directed to meet with Magistrate Judge Adler, at a time specified by his court, for the purpose of developing a streamlined discovery process that will allow Plaintiffs to quickly determine whether Defendants' relevant factual allegations remain in dispute. . . . However, the Court cautions that unnecessary delay in resolving this matter will not be rewarded with increased fees. The aims of the ADA are served once impediments to disabled access have been eliminated, and continued legal work beyond that point does not further those aims."*

Basically, the Declaration of Wait at 5:23-5 confirms that Timberline Moulding welcomes people with all disabilities, and in the unlikely event Plaintiff contends that any issue remains at the property which would reasonably impede his return, Defendants will almost certainly address it without delay. Once again, there would be no reason to justify additional time of this Court or counsel if Movants will address it merely for the asking:

*"Awarding attorney fees for litigation when those rights could have been vindicated by reasonable efforts short of litigation does not advance that objective and encourages lawsuits that are more opportunistic than authentically for the public good. Lengthy prelitigation negotiations are not required, nor is it necessary that the settlement demand be made by counsel, but a plaintiff must at least notify the defendant of its grievances and proposed remedies and give the defendant the opportunity to meet its demands within a reasonable time."*

Graham v. Daimler Chrysler Corp., 34 Cal.4th 553, 575

## VIII.

## **CONCLUSION**

Based on the foregoing, there can be little doubt that the Movants' property currently meets all applicable disabled access standards, and in light of the new questions raised with California State law, Plaintiff's claims should be dismissed.

*Respectfully submitted,*

Dated:  1 April 2008                    Lawyers Against Lawsuit Abuse, APC

s/ DAVID W. PETERS, Attorney for
Defendants Timberline Moulding,
Marvin Wait and Susan Wait
Email: dpeters@ascervus.com

*-- BY FACSIMILE --*

Lawyers Against Lawsuit Abuse, APC
David W. Peters, SB# 155449
402 West Broadway, Suite 400
San Diego, CA 92101
(619) 275-2000 / FAX (619) 353-9990
dpeters@ascervus.com

Attorney for Defendants Timberline Moulding,
Marvin Wait and Susan Wait

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BERRY,<br><br>          Plaintiff,<br><br>v.<br><br>TIMBERLINE MOULDING; MARVIN WAIT, SUSAN WAIT; and Does 1 through 10, Inclusive,<br><br>          Defendants | CASE NO.: '08 CV 0352 BEN (CAB)<br><br>NOTICE OF MOTION AND MOTION (1) TO DISMISS PER FRCP 12(h)(3), 12(B)(1), 12(B)(6), (2) TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS PER 28 U.S.C. § 1367(c); OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PER FRCP 8(a)<br><br>Date: 2 June 2008<br>Time: 10:30 a.m.<br>Courtroom: 3, Fourth Floor<br>Judge: The Honorable Roger T. Benitez<br>Complaint Filed: 22 February 2008<br><br>***Oral Argument Declined Unless Requested by the Court*** |

I, the undersigned, hereby declare that I am a resident of the State of California and am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is Lawyers Against Lawsuit Abuse, APC, 402 West Broadway, Suite 400, San Diego, CA 92101.

On 1 April 2008, I served the foregoing document described as:

**1.    NOTICE OF MOTION AND MOTION (1) TO DISMISS PER FRCP 12(h)(3), 12(B)(1), AND 12(B)(6), AND (2) TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS PER 28 U.S.C. § 1367(c); OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PER FRCP 8(a);**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**
3. **DECLARATION OF SUSAN WAIT IN SUPPORT; EXHIBITS "A" THROUGH "I" THERETO**
4. **DECLARATION OF PHILIPPE HELLER IN SUPPORT;**
5. **[PROPOSED] ORDER**

on the parties in this action by serving:

(X) By Electronic Service Transmission via the United States District Court, Southern Division, Case Management/Electronic Case Files, Filing System. I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use of email as identified and maintained therein.

( ) By Personal Service: I delivered such envelope(s) by hand to the offices of the addressee(s).

(X) FEDERAL  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on 1 April 2008, at San Diego, California.

s/ DAVID W. PETERS, Attorney for
Defendants Timberline Moulding,
Marvin Wait and Susan Wait
Email: dpeters@ascervus.com