Amy B. Vandeveld, State Bar No. 137904
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, California 92101
Telephone: (619) 231-8883
Facsimile: (619) 231-8329

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BERRY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TIMBERLINE MOULDING, et al. and DOES 1 THROUGH 10, Inclusive,<br><br>　　　　Defendants. | Case No.: 05 CV 1660 J (WMc)<br><br>**POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AND REQUEST FOR SANCTIONS AGAINST DEFENDANT SUSAN WAIT**<br>Date: June 2, 2008<br>Time: 10:30 a.m.<br>Judge: The Honorable Roger T. Benitez |

Plaintiff, RAYMOND BERRY, (hereinafter "Mr. Berry") hereby submits the following Memorandum of Points and Authorities in Support of his Opposition to the Defendants' Motion to Dismiss.

**I.
DEFENDANTS' PROFESSED CONCERN
FOR PEOPLE WITH DISABILITIES IS
CONTRADICTED BY THE EVIDENCE**

Misstatement or non-disclosure of material facts to the Court are sanctionable under FRCP Rule 11. *Pipe Trades Council of Northern California, U.A. Local 159 v. Underground Contractors Ass'n of Northern California*, (9th Cir. 1987) 835 F2d 1275, 1280-1281. Sanctions for misstatements or non-disclosures can also be imposed against represented parties. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, (1991) 498 US 533, 549-550. The Court may impose sanctions "upon its own

initiative." *In re Itel Securities Litig.*, (9th Cir. 1986) 791 F2d 672, 675.

In the instant case, Defendant Susan Wait was ***less than truthful*** when she stated under penalty of perjury that "access for people with disabilities has always been a priority at Timberline..." (Motion to Dismiss, Docket No. 6-12, 2: 17-18.)

Mr. Berry visited Timberline Moulding on two occasions in June or July of 2007 and again on October 2, 2007. Naradin Mohamed, an accessibility investigator, visited the property on a third, separate occasion, on November 30, 2007. On each of these three visits, there was absolutely no accessible parking space for people with disabilities. There was no accessible counter for use by people with disabilities. The restroom was inaccessible to people in wheelchairs. The Defendants continued to operate a place of public accommodation which had no accessible parking space even after specific requests for accessible parking spaces by at least two people with disabilities. (See the Declaration of Raymond Berry and the Declaration of Naradin Mohamed, and Exhibits thereto, which accompany this Opposition.)

The Waits have operated the Timberline Moulding business at it's current location since at least December 28, 1995. (See Declaration of Amy B. Vandeveld, Exhibit "6".) They have owned the real property at which Timberline Moulding is operated since at least July of 2000. (See Declaration of Amy B. Vandeveld, Exhibit "7".) For at least 13 years, then, the Waits had no regard for people with disabilities, as evidenced by the fact that they failed to install an accessible parking space until after November 30, 2007. They failed to make any modifications to the restroom other than to install one grab bar. Any claim to the contrary is disingenuous at best and an intentional misrepresentation at worst.

## II.

## PLAINTIFF'S COMPLAINT IS SUFFICIENTLY SPECIFIC

In *Skaff v. Meridien N. Am. Beverly Hills*, 506 F.3d 832 (9th Cir. 2007), our Ninth Circuit clearly stated that a Complaint that includes allegations that a Plaintiff

encountered barriers to disabled access, including "path of travel, guestroom, bathroom, telephone, elevator, and signage barriers to access, all in violation of federal and state law and regulation" were sufficient to state a claim under FRCP 8(a), as a matter of law. *Skaff* at 841.

In fact, the Ninth Circuit rejected exactly the argument posited by Defendants - that Plaintiff's Complaint contains only "unclear allegations" because he does not provide "specifics". (Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss (hereinafter "Defendants' Memorandum"), at 5:22-24)

According to the Ninth Circuit: "Specific facts are not necessary . . . ." Further, "(w")hen notice of a claim is given that satisfies Rule 8, concerns about specificity in a complaint are properly addressed through discovery devices under Rules 26, 27, 33, and 36, and, if applicable, the pre-trial order entered pursuant to Rule 16." *Skaff* at 842.

Here, Plaintiff alleged that he was denied full and equal access "because of barriers which included....inaccessible cashier counter, inaccessible restroom facilities and lack of accessible parking spaces." Plaintiff also alleged that the failure to remove these barriers were in violation of state and federal laws. (Please take judicial notice of Plaintiff's Complaint, paragraphs 11-24.) These allegations, then are sufficiently specific and satisfies the requirements of FRCP 8(a).

### III.

### A QUESTION OF FACT PRECLUDES DISMISSAL OF PLAINTIFF'S CLAIM

**A.   The Motion Must be Treated as a Motion For Summary Judgment if Extraneous Evidence is Admitted.**

On a motion to dismiss, the allegations of the complaint must be accepted as true. See *Cruz v. Beto*, 405 U.S. 319, 322, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See *Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753, n.6 83 S. Ct. 1461, 10 L. Ed. 2d 678

(1963).

In general, the complaint is construed favorably to the pleader. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. See *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FRCP 12(d).

In the instant case, if the Court accepts Defendants' extraneous evidence contained in the Declarations of Philippe Heller and Susan Wait, it must treat the Defendants' Motion to Dismiss as a Motion for Summary Judgment, which cannot be granted absent a finding that no dispute of material fact exists. Where there are disputed facts, the court shall apply the Fed. R. Civ. P. 56 "summary judgment standard," i.e. the moving party must establish that there are no material facts in dispute and that he or she is entitled to prevail as a matter of law. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

**B.    Plaintiff Has Had no Opportunity to Conduct Necessary Discovery.**

In the instant case, Plaintiff has had no opportunity to conduct discovery with respect to the modifications allegedly performed by Defendants to determine whether the modifications comply with the accessibility requirements of the ADAAG. Any ruling on this motion should be deferred until Plaintiff has had the opportunity to conduct to discovery to respond to Defendants' factual showing. FRCP 56(f).

Here, Plaintiff has had no opportunity to measure the modified parking space, the modified counter or the modified restroom or to inspect the current conditions of the

property. Plaintiff cannot confirm or refute, then, whether, among other things, the parking space is 9 feet wide with an 8-foot wide access aisle, whether the counter is the correct height from the finished floor, whether the grab bars in the restroom are properly sized and located or whether the sink provides sufficient knee clearance. Further, Plaintiff has had no opportunity to conduct discovery with respect to Defendants' policies, practices and procedures relating to the modifications allegedly performed at the property. Plaintiff has not been given "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FRCP 12(d).

**C.    Defendants' Remedial Efforts, Even if Appropriate, Do Not Establish the Absence of a Likelihood of Future Harm.**

In the instant case, Defendants contend that they have remedied all barriers to access for people with disabilities and, therefore, the Plaintiff's claims are moot and, further, that Plaintiff lacks standing because he cannot establish that he will be subject to harm in the future. (Defendants' Memorandum, Sections II and III.)

First, Defendant bears the burden of showing that its voluntary compliance moots a case by convincing the court that "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." The burden of demonstrating mootness is "heavy" and must be carried by the party claiming that the case is moot. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.* (TOC), 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610; *Porter v. Bowen,* 496 F.3d 1009 (9th Cir. 2007)

Moreover, a plaintiff can seek a permanent injunction, even where remedial measures have been taken, where "there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953). In order to determine whether an immediate threat of future ADA violations exists, courts consider whether the violator has (1) brought its facilities into compliance with the ADA, and/or (2) implemented practices and procedures for ensuring ADA compliance in the future. *Midgett v. Tri-County Metro. Transp. Dist.*, 254 F.3d 846, 850.

1          Here, Defendants contend they made modifications to the property and removed
2 barriers in the parking lot, at the counter and in the restroom.  Defendants contend these
3 modified conditions would have existed at the time of the Plaintiff's visit on October 2,
4 2007.  Defendants' contend, for example, that a pull-out counter existed in October of
5 2007. (Wait Declaration 2:26 - 3:2.)  They contend that Defendants' Exhibits "C" and
6 "D" show the condition of the restrooms in October of 2007, with a raised toilet seat, grab
7 bars, wrapped sink pipes and lever-style faucet. (Wait Declaration 4:16-20).  Exhibit "H"
8 allegedly shows the condition of the parking lot in October of 2007, at the time of the
9 Plaintiff's visit. (Wait Declaration, 5:10-11.)
10         Plaintiff's investigator, however, documented the conditions at the facility as they
11 existed on November 30, 2007, with phonographs showing an absence of the barrier
12 removal efforts alleged by Defendants to have been effected prior to the Plaintiff's visit
13 on October 2, 2007.   That is, there was no accessible parking space and the restrooms
14 lacked numerous accessible elements including, but not limited, to accessible grab bars,
15 an accessible sink, an accessible toilet.  (See Plaintiff's Exhibits "1" to "4".)
16         Taking Defendants' evidence as true, Defendants would have made modifications
17 to the property prior to October 2, 2007.  Given that there remained numerous
18 architectural barriers on November 30, 2007, when the property was inspected by Mr.
19 Mohamed, the only logical conclusion is that Defendants then reverted the property to an
20 inaccessible condition.  This evidence alone establishes that Defendants do not intend to
21 maintain the accessibility of the property, even if it currently exists.
22         Moreover, Defendants contend, for example, that the restroom was ***not***
23 "inaccessible" because Susan Wait has seen many wheelchair users visit and return to the
24 restroom "over the years" without a problem. (Wait Declaration, 3:19-24.)    Because
25 Defendants contend that the initial modifications it made were compliant with the ADA,
26 it is clear that, absent an injunction, Defendants may very well revert the property to its
27 earlier inaccessible condition, as they have already done at least once in the past.
28         Further, there is no evidence that the Defendants have installed the "tow-away"

signs required by Title 24 Dec. 1129B.5. (See Declaration of Naradin Mohamed, pars. 4 and 5.)   Philippe Heller's declaration that the words "NO PARKING" are written in the parking space access aisle, as required by Title 24 Sec. 1129B.1 & 2. is contradicted by Defendants' photograph of the access aisle.  (See Heller Declaration, par. 3. b. iv. and Exhibit "I".)

In addition, nothing in Defendants' evidence establishes that the sink in the restroom provides the required knee clearance, although Defendants intend to replace the sink with a wall-mounted sink. (Wait Declaration, 5:7-8.)   A professed intent to remove an architectural barrier is insufficient to deny injunctive relief.

### IV.

### THE COURT SHOULD GRANT SUMMARY JUDGMENT TO THE PLAINTIFF AND SHOULD EXERCISE JURISDICTION OVER PLAINTIFF'S STATE CLAIMS

The District Court has the discretion to retain jurisdiction over Plaintiff's state law claims, even if some of his claims under the ADA are rendered  moot by remedial efforts. In *Eiden v. Home Depot*, 2006 US.Dist. Lexis 38423, the Court noted that some of the plaintiff's ADA claims were mooted by remedial action.  Despite, this, the Court retained jurisdiction over the plaintiff's state law claims.  It held,

> ... because there remain disputed issues as to a number of the ADA claims, there remains a live controversy as to the federal claims. Thus, the court may still exercise supplemental jurisdiction over plaintiff's state law claims. As to defendant's assertion that plaintiff is not entitled to relief once an injunction is inappropriate under the ADA, nothing prevents the court from exercising supplemental jurisdiction even as to those barriers which have been corrected.

A District Court's decision whether to exercise supplemental jurisdiction is "informed" by whether exercising jurisdiction over the pendent state claims comports with "the values of economy, convenience, fairness, and comity". *Executive Software N. Am. v. U.S.D.C. Cent. Dist.*, 24 F.3d 1545, 1557 (9th Cir. 1994).

In *Grove v. De La Cruz*, 407 F.Supp.2d 1126 (C.D. Cal. 2005), the District Court considered these factors and decided to retain jurisdiction over the plaintiff's state law claims which arose from the same conduct as her ADA claims.  Although the ADA

7

claims were mooted by remedial efforts of the defendant, the District Court found that the values of economy, fairness, convenience and comity were best served by retaining jurisdiction over plaintiff's state law claims. The Court noted that discovery and motion practice were complete with respect to the state law claims.

A similar result was reached in *Wilson v. Pier 1 Imports*, 439 F.Supp.2d 1054 (E.D. Cal. 2006) . In that case, the court concluded that issues for certain claims were moot for the purposes of the ADA. "However, the claim is not moot under the Unruh Act, since damages are still available, and the court is obligated to complete the ADA analysis. (Citations omitted)." *Wilson*, 439 F. Supp.2d at 1069.

Plaintiff seeks damages under California Civil Code Section 54.3   No showing of intent is required to recover under Civil Code Section 54.3 and, therefore, no novel and complex issues are raised with respect to his claim for damages. (*See*, *Donald v. Café Royale, Inc.,* (1990) 218 Cal. App. 3d 168, 177.)   The Court's retention of jurisdiction over Plaintiff's claims for damages comports with "the values of economy, convenience, fairness, and comity". *Executive Software N. Am. v. U.S.D.C. Cent. Dist.*, 24 F.3d 1545, 1557 (9th Cir. 1994).

If Plaintiff's state claims are dismissed by the Court, Plaintiff will necessarily incur additional fees and costs in the preparation of a new Complaint and the trial of the issue of damages. Plaintiff will, at the very least, have to prepare and file a motion for summary judgment, and a reply to the motion, all to simply establish the effect of this Court's granting of summary judgment in his favor. The substantial additional time and effort that must also be invested by the State Court in familiarizing itself with this case surely counters Defendants' claims that remand to State court would be "economical" or "convenient."

Not only will the prosecution of a state action delay the award of damages to Plaintiff, the substantial additional time and money that will necessarily be incurred and invested by Plaintiff and the State Court compel the conclusion that this Court should retain jurisdiction over all of Plaintiff's claims for damages.

## I.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety.

DATED: May 19, 2008                    LAW OFFICES OF AMY B. VANDEVELD

/S/ Amy B. Vandeveld
AMY B. VANDEVELD, Attorney for Plaintiff