```
Amy B. Vandeveld, State Bar No. 137904
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, California  92101
Telephone:  (619) 231-8883
Facsimile:  (619) 231-8329

Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BERRY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TIMBERLINE MOULDING, et al. and DOES 1 THROUGH 10, Inclusive,<br><br>　　　　Defendants. | Case No.: 08 CV 0352 BEN (CAB)<br><br>**DECLARATION OF NARADIN MOHAMED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:　June 2, 2008<br>Time:　10:30 a.m.<br>Judge: The Honorable Roger T. Benitez |

I, NARADIN MOHAMED, declare:

1. I am not a party in this action. I have personal knowledge of the following facts and, if called as a witness, could and would testify truthfully to the following:

2. Attached hereto as Exhibits "1", "2", "3" and "4" are true and correct copies of photographs which I took of the parking lot, parking lot entrance, entrance to the facility and the restroom at Timberline Moulding, located at 1315 Armorlite Drive in San Marcos, CA ("the property") on November 30, 2007. These Exhibits accurately depict the conditions which I observed during my visit to the property.

3. I am familiar with the Americans with Disabilities Act Accessibility Guidelines and Title 24 of the California Code of Regulations which relate to accessibility for people with disabilities. I know how to use a tape measure. I have performed many accessibility inspections and am familiar with design and construction requirements relating to accessibility.

4. At the time of my visit to Timberline Moulding, on November 30, 2007, there was no accessible parking space at the property. The absence of an accessible parking space is depicted in the photos in Exhibit "1". I reviewed Exhibits "H' and "I" to Defendants' Motion to Dismiss, as well the Declaration of Susan Wait. Neither of the delineated parking spaces depicted in those photos existed at the property when I visited on November 30, 2007. Further, Exhibits "H" and "I" do not depict any sign which warns that vehicles parked in the accessible space without placards or license plates issued for people with disabilities may be towed at the owner's expense. None of Defendants' photographs depict the entrance to the parking lot.

5. Exhibit "4" depicts the sole entrance to the parking lot at the property as it existed during my visit of November 30, 2007. As shown in Exhibits "1" and "4", there are no signs at the entrance to the parking lot or in the parking area adjacent to the front entrance which warns that vehicles parked in the accessible space without placards or license plates issued for people with disabilities may be towed at the owner's expense.

6. The photos in Exhibit "2" and "3" were taken by me during my visit of November 30, 2007 and they accurately depict the conditions of the restroom at Timberline Moulding during my

1  visit.  As can be seen in Exhibit "2", there was no rear grab
2  bar.  The side grab bar was not located 33 inches on center from
3  the finished floor.  The toilet flushing mechanism was not on the
4  open side of the toilet.  The top of the toilet seat was only
5  about 15 inches from the finished floor.  The lavatory had no
6  knee clearance.  The lavatory faucet handles required tight
7  grasping or twisting to operate.  The bottom edge of the mirror
8  was more than 40 inches from the finished floor.  The toilet seat
9  cover dispenser was located behind the toilet and more than 40
10 inches from the finished floor.  There was no signage on the door
11 indicating the accessibility of the restroom.
12       7.   Exhibit "3" shows that, during my visit, the restroom
13 doorknob was round and required tight grasping and twisting to
14 operate, as did the locking mechanism for the door.  The distance
15 from the side of the toilet to the far wall was only about 10
16 inches because of the location of the lavatory.  The distance
17 from the front edge of the toilet to the front wall was only 32
18 inches.
19       8.   I reviewed Defendants' photographs of the restroom,
20 Exhibits "C", "D", "E", "F" and "G".  The conditions of the
21 restroom depicted in those photographs did not exist at the time
22 of my November 30, 2007 visit, except that the side grab bar
23 depicted in Exhibits "C" and "F" appears to be similar to the
24 side grab bar which I observed.  Also, the toilet base in Exhibit
25 "C" appears to be similar to the base of the toilet which I
26 observed.
27            I also observed the Defendants' photographs "A" and
28 "B".  I went into the office during my visit to Timberline

3

Moulding and observed the conditions of the customer area, but I did not take any photographs of office or customer area. During my visit of November 30, 2007, however, the pull-out counter and the sign offering assistance to people with disabilities, as depicted in Exhibit "A", were not in the Timberline Moulding office. The lower counter and the universal accessibility symbol, depicted in Exhibit "B" were not in the Timberline Moulding office during my November 30, 2007 visit.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this ___16___ day of May, 2008 at San Diego, California.

_____
NARADIN MOHAMED





EXHIBIT "1"





EXHIBIT "2"
2





EXHIBIT "3"
—
3



Exhibit "4"/4